UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                CRIMINAL NO. 16-cr-20003

v.

                                     HON. JUDITH E. LEVY

AHMAD RASHID LEWIS,

        Defendant.
                                  /

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Daniel L. Lemisch, Acting United States Attorney for the Eastern District of Michigan, and Susan E. Fairchild, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding Defendant Ahmad Rashid Lewis, who is scheduled to be sentenced on October 31, 2017. For the reasons provided below, the government recommends a sentence of 60 months' confinement, the guideline range agreed to by the parties in the Rule 11 Plea Agreement (Plea, ¶2B, 3A). Defendant has agreed in the Rule 11 Plea Agreement to a minimum sentence of 60 months, and that he will not advocate for or argue for a lesser sentence (Plea, ¶3A). The parties have agreed that the sentence will run <u>consecutive</u> to the sentence imposed in Case No. 14-cr-20420, Judge Roberts presiding (Plea, ¶3A).

I.      PROCEDURAL BACKGROUND

On January 5, 2016, Defendant was indicted on charges of Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g), Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §841(a), Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. §924(c) and Commission of an Offense while on Release, in violation of 18 U.S.C. §3147(1). On June 28, 2017, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to Count 3, which anticipated guidelines of 60 months - life imprisonment, consecutive. The plea agreement provided that the government would not seek a sentence above the top of the sentencing guideline range as determined by Paragraph 2B. <u>The agreement also provided that Defendant agreed to a minimum sentence 60 months' imprisonment, and that the sentence would run consecutive to the sentence imposed in Case No. 14-20420, Hon. Victoria A. Roberts, presiding. (¶3A)</u>. The Probation Department calculated the guidelines to be the same (PSR, ¶84). The Probation Department also indicated that the sentence had to run <u>consecutive</u> to the sentence imposed in Case No. 14-20420 (PSR, ¶85).

II.      FACTUAL BACKGROUND

In July 2014, Defendant was arrested following an investigation by ATF and DEA concerning heroin trafficking in the Detroit area. During the investigation, a confidential source (CS) purchased heroin from Defendant. A search warrant was

executed at Defendant's residence. Recovered was heroin, marijuana, prescription pills, five (5) firearms with ammunition, a bullet proof vest and $1276 in U.S. currency. Defendant admitted to selling heroin and to receiving firearms from his customers as payment for the drugs. Defendant was indicted on the federal charges on July 17, 2014, and was released on bond. That case is pending with Honorable Victoria Roberts, Case No. 14-cr-20420, U. S. District Court, EDMI.

On December 10, 2015, while on bond, Defendant was arrested by the Dearborn Police Department on similar drug trafficking charges. A search warrant was executed at the home of Defendant's mother. Defendant was present at the scene. Defendant's mother allowed the Officers to enter the residence and a search was conducted. Recovered from Defendant's bedroom in the house was 34.4 grams of heroin, a digital scale, marijuana, methadone pills, LSD, fentanyl patches, ammunition and $5,000 in U.S. Currency. In the attic of the house, Officers recovered a SKS rifle. In the car parked in the garage, which belonged to Defendant, Officers found seven handguns. In the garage, they found two shotguns, a pistol and additional ammunition. Defendant was arrested at the scene.

On January 5, 2016, Defendant was indicted on the charges which occurred while he was on bond. Defendant has entered into a plea agreement with the Government in which he has pleaded guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c), with a

mandatory minimum penalty of 5 years, consecutive.

### III. SENTENCING CALCULATION

#### A. Statutory Maximum Sentence

Count 3: Possession of a Firearm in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c), the maximum sentence that may be imposed on Defendant is life imprisonment, a $250,000 fine, and a $100 special assessment. There is a mandatory minimum of 5 years' imprisonment on the offense. Class A felony.

#### B. Sentencing Guidelines Calculations.

Defendant's guidelines are as follows:

*Base Offense Level*

USSG §2K2.4, Possession of a Firearm in Furtherance of Drug Trafficking, Base Offense Level is required by statute - 5 years – life

Acceptance of Responsibility, USSG §3E1.1(b)  -3

*Criminal History Category*:

Prior Convictions = 4 Points
_____

Total is 4 points, Category III,

The applicable guideline range is 60 months – life imprisonment (PSR ¶84)

### IV. GOVERNMENT'S RECOMMENDATION

As set forth in the PSR, based upon Defendant's criminal history and the underlying criminal conduct, the sentence to be imposed is 60 months, consecutive. Defendant has agreed to not advocate for a sentence below 60 months. For the reasons set forth below, the Government respectfully recommends that the Court impose a sentence of confinement of 60 months. Such a sentence would recognize the seriousness of Defendant's offense conduct, would take into consideration his significant past criminal history, which would warrant an enhancement as a career offender, pursuant to USSG §4B1.1 if he was convicted on the narcotics charges in the Indictment, and would serve as a deterrent to future criminal activity.

## V. ANALYSIS OF 18 U.S.C.§3553(A) FACTORS

A sentence of 60 months as agreed to by the parties in the Rule 11 Plea Agreement appropriately takes into account the factors identified in 18 U.S.C. §3553(a), and, in view of the totality of the circumstances and facts of Defendant's case, is reasonable.

<u>Nature and Circumstances of the Offense</u>

The criminal charges involve Defendant Lewis trafficking drugs including heroin, fentanyl, LSD, pills and marijuana on the streets of Detroit. The criminal

charges in this case are almost identical to the charges for which Defendant was on bond in the pending case, Case No. 14-20420, Honorable Judge Roberts presiding.

Drug trafficking is a serious crime that affects the community as a whole. It presents danger to both the buyer and the seller in any drug transaction. It also presents danger to innocent neighbors and by-standers who must endure increased foot traffic in the area and the risk of unwittingly becoming involved in the exchange. Despite being on bond in this District for crimes involving drugs and guns, Defendant continued to sell drugs and be in possession of firearms and ammunition. Adding to the situation, Defendant was now selling drugs and possessing firearms at the home of his mother. During the execution of the search warrant at the home of Defendant's mother, ten (10) firearms, ammunition, narcotics, pills, narcotics paraphernalia, packaging items and U.S. currency was found.

Defendant Lewis' adult criminal history includes convictions that would warrant enhancement of his sentence as a Career Offender under USSG §4B1.1 in this matter, had he not been offered a plea agreement with the government. His prior convictions include Possession of Controlled Substance (2001); Possession of Controlled Substance (2002); Failure to Display Valid Operator's License (2002); No Insurance (2003); Attempt Deliver/Manufacture Controlled Substance (2004); Failure to Display License (2006); Failure to Display License (2007); Loitering

6

Where Drugs Are Kept (2007);Delivery/Manufacture Controlled Substance (2008)l Felony Firearm (2009); Failure to Display license (2015) and Possession of Firearm in Furtherance of Drug Trafficking (2015) (PSR ¶20-30). In addition, Defendant has numerous pending charges for traffic violations and a drug offense and other arrests for drug related offenses (PSR, ¶33-47).

Defendant's prior criminal history and his violations of parole and probation reflect that he is unable to control his conduct as a law abiding citizen. Defendant was on pre-trial release (bond) at the time of the instant offense (PSR, ¶30). A sentence of imprisonment of 60 months' is necessary to protect the public and provide deterrence to Defendant Lewis.

<u>Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense and The Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct</u>

The crimes committed by Defendant Lewis, drugs sales and possession of firearms, are serious and present a danger to the community.  His conduct in trafficking heroin and other dangerous drugs sets an unfortunate example for his children, who are of age to understand his criminal conduct.  His children are ages 6 and 15.  Due to his poor life choices, they will now be without a father figure in their lives for a period of time. By engaging in this type of criminal conduct he has

7

continued the pattern of crime and substance abuse he himself witnessed as a child.

This is Defendant's sixth drug-related conviction. Defendant previously served a short prison sentence for offenses involving drugs. The sentence by this Court must provide deterrence to both Defendant Lewis and others, and send the message that continued serious criminal activity, of the type Defendant Lewis has engaged in, is not acceptable. The possession of drugs, firearms and drug trafficking is serious criminal activity which causes danger to the public and all others involved.

Because this Court is obligated to impose a sentence necessary to reflect the seriousness of the offense, promote respect for the law and to provide just punishment for the offense, as well as a sentence to afford adequate deterrence to criminal conduct, a sentence of confinement of 60 months consecutive is warranted.

<u>The Need for the Sentence Imposed to Protect the Public from Further Crimes of Defendant</u>

Defendant's conduct in trafficking heroin and prescription drugs presents a grave danger to the public and the community. The addition of firearms, along with drug trafficking, increases the danger of the situation. Drug trafficking and the possession of firearms in connection with drug trafficking has a high potential to lead to other serious conduct. Defendant's present age of 35 and his prior

experience with the criminal justice system has not deterred him from the criminal activity, including selling heroin and prescription pills on the streets of Detroit. To the contrary, it appears that due to the leniency he has been given by the state justice system, he has been enabled to engage in criminal activity, unmindful of potential consequences. A sentence of confinement of 60 months consecutive is warranted. Forfeiture of the firearms and ammunition seized during the execution of the search warrant at the home of Defendant's mother was also included in the Rule 11 plea agreement with the government (Plea, ¶4).

### The Need for the Sentence Imposed to Provide Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Defendant Lewis may be in need of mental health treatment. It appears that he has a need for substance abuse treatment (PSR, ¶65). Vocational training, however, which will allow him to obtain lawful employment upon release, would be beneficial. A program involving a skilled trade would be useful. The government agrees with the additional recommendations made by the U.S. Probation Department concerning treatment and counseling to be obtained while imprisoned and maintained while on supervised release. Cognitive Behavior Therapy (CBT) appears necessary. The government also believes the recommendation by the U.S. Probation

Department regarding warrantless searches following his release from imprisonment is appropriate (PSR, ¶112).

### The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

A sentence of 60 months is appropriate to avoid unwarranted sentence disparities with defendants who have similar criminal records and who engage in similar type criminal activity.

## VI. CONCLUSION

The Probation Officer has not identified any factors to warrant a departure from the applicable sentencing guideline range (PSR, ¶97). Likewise, the Government has not identified any reason to depart. A sentence of 60 months' confinement, to run consecutive to the sentence imposed in Case No. 14-20420, and agreed to by the parties in the Rule 11 plea agreement should be imposed.

Respectfully submitted,

DANIEL L. LEMISCH
Acting United States Attorney

s/Susan E. Fairchild (P41908)
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-9577

E-mail: susan.fairchild@usdoj.gov

Dated: October 12, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

Robert Kinney, Attorney for Defendant Lewis

s/Susan E. Fairchild P41908
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone: (313) 226-9577
E-mail: susan.fairchild@usdoj.gov

11