UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 16-20003

v.                                      Judith E. Levy
                                      United States District Judge
Ahmad Rashid Lewis,        R. Steven Whalen
                                      Magistrate Judge

                Defendant.

_____/

**ORDER GRANTING DEFENDANT AHMAD LEWIS' MOTION FOR COMPASSIONATE RELEASE [47]**

Defendant Ahmad Lewis moves for compassionate release and/or reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 47.) On July 14, 2020, the Court held oral argument on Defendant's motion through audio-visual technology. The Court determined, on the record, that Defendant's medical conditions constituted extraordinary and compelling reasons for compassionate release. Because there remained—in light of Defendant's criminal background—unanswered questions regarding Defendant's placement should he be released, the Court deferred a decision on this motion until

the United States Probation Department could provide additional information.

Having received the necessary information, the Court now GRANTS Defendant's motion for the following reasons.

## BACKGROUND

On July 14, 2020, the Court held oral argument on Defendant's motion through audio-visual technology. The parties' arguments, as well as Defendant's background, criminal history, and medical conditions, were extensively set forth on the record at that time. The Court incorporates here the background as set forth on the record.

## LAW AND ANALYSIS

Defendant seeks compassionate release and reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The relevant provision provides:

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of . . . the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

> defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section § 3553(a) to the extent that they are applicable, if it finds that—
>
>> i) extraordinary and compelling reasons warrant such a reduction.

*Id.*

There are two key questions of law in compassionate release cases. The first is whether a defendant satisfies the statutory requirement to either "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or wait 30 days "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* The second is whether extraordinary and compelling reasons, as well as the defendant's own history and characteristics, warrant a reduction of the defendant's sentence. *Id.* For the reasons below, the Court finds that Defendant has demonstrated extraordinary and compelling reasons for immediate release.

### 1. Threshold Exhaustion Requirement

3

On July 14, 2020, for the reasons set forth on the record, the Court determined that Defendant satisfied his threshold exhaustion requirement for release.

**2. Compassionate Release**

There are three components to a compassionate release merits analysis: 1) whether extraordinary and compelling reasons warrant a reduction in sentence, as described by the United States Sentencing Commission; 2) whether the § 3553(a) factors—"to the extent that they are applicable"—render the reduction inappropriate; and 3) whether Defendant would be a danger to the public. The Court finds that these three factors weigh in favor of immediate compassionate release of Defendant. The Court will address each factor in turn below.

A. Extraordinary and Compelling Circumstances

On July 14, 2020, for the reasons set forth on the record, the Court determined that Defendant demonstrated extraordinary and compelling circumstances for compassionate release.

B. § 3553(a) Factors

The compassionate release statute directs courts to consider the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
**(B)** to afford adequate deterrence to criminal conduct;
**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(5) any pertinent policy statement—
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Careful consideration of these factors previously led the Court to impose a sentence of 60 months in prison and 3 years of supervised release. (ECF No. 45.) During the hearing, the Court undertook this same analysis. The Court will release Defendant from federal custody, but it will not restore Defendant's liberty until his sentence is completed, as discussed in the release language below.

C. Danger to the Community

Sentencing guideline § 1B1.13 further specifies that a reduction in sentence is only appropriate if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

The Court finds that Defendant will not pose a danger to the community. The Court was initially concerned, as discussed on the record, that Defendant's release plan involved returning to his mother's house, which was the home from which he was arrested and which contained drugs and firearms at the time of arrest. (*See* ECF No. 53, Pageid.620.) The Court accordingly deferred determining this motion until such time as Probation could investigate the home and provide more information about supportive services that would be available to assist Defendant's successful release. Having received Probation's report, the Court is satisfied that Defendant's mother's home will be an appropriate placement for Defendant after release. Defendant's mother, grandmother, and boyfriend will all be present in the home to help support Defendant. Defendant will have access to mental health counseling, including psychiatric services and medication. Defendant's

6

mother provided a letter attesting that her home contains four bedrooms and three bathrooms, and that the home accordingly will allow Defendant to safely quarantine after leaving FCI Fort Dix. Finally, Anthony Donald, the owner of Headliner Barbershop and Salon Secret Hair Salon, provided a letter attesting that he is willing to hire Defendant as an assistant manager for the barbershop and salon.

Accordingly, the Court finds that Defendant will have appropriate supportive structures in place and that he will not pose a danger to the public. Compassionate release is appropriate.

**RELIEF**

The Court is aware that it does not have statutory authority to order that Defendant's current sentenced be modified to home confinement. *See, e.g.*, *United States v. Miller*, No. 16-20222, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020). Nor may the Court review the Bureau of Prison's internal confinement decision to deny compassionate release. *Crowe v. United States*, 430 Fed. Appx. 484 (6th Cir. 2011).

Therefore, the Court reduces Defendant's sentence to time served, with specific conditions detailed in the judgment. These conditions are designed to support Defendant's successful re-entry into the community

and decrease his likelihood of reoffending. Prior to release, Defendant shall quarantine for 14 days at FCI Fort Dix. Upon release, Defendant shall immediately begin another 14-day quarantine at his mother's home.

**CONCLUSION**

Accordingly,

IT IS ORDERED that Defendant's Motion for Release from Custody (ECF No. 47) is GRANTED;

IT IS FURTHER ORDERED that Defendant's sentence of imprisonment is reduced to time served;

IT IS FURTHER ORDERED that BOP shall release Defendant immediately after holding him for a 14-day quarantine period at FCI Fort Dix;

IT IS FUTHER ORDERED that, immediately upon release, Defendant shall commence another 14-day quarantine at his mother's home;

IT IS FURTHER ORDERED that additional details and conditions will be included in the Court's amended judgment;

IT IS FURTHER ORDERED that this Order replaces the Court's January 2017 designation of supervised release.

IT IS SO ORDERED.

Dated: July 22, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 22, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager